UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARDELL BRIGHT | CIVIL ACTION |
| VERSUS | NO: 20-3232 |
| WILLY J. MARTIN, SHERIFF ST. JAMES PARISH | SECTION: "A" (1) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 30)** filed by the defendant, Willy J. Martin, Sheriff of St. James Parish. The plaintiff, Cardell Bright, opposes the motion. The motion, submitted for consideration on May 11, 2022, is before the Court on the briefs without oral argument.[1]

The plaintiff, Cardell Bright, was employed at the St. James Parish Jail until he was terminated on April 21, 2020. Bright alleges that his termination violated the Americans with Disabilities Act ("ADA"), the First Amendment, and procedural and substantive due process. Bright later added a claim for retaliation. Willy J. Martin, the Sheriff of St. James Parish, was at all relevant times Bright's employer. The Sheriff is not alleged to have been personally involved in any of the events giving rise to the lawsuit.

Bright's original complaint, first amended complaint, and second amended complaint are replete with detailed factual allegations describing his time as an employee at the jail. When Bright was hired in April 2015, he had a medical problem with his bowels, was recovering from rectal surgery, and was diabetic. (Rec. Doc. 1,

---

[1] All of the plaintiff's pleadings identify him as "Cardell" Bright in the caption, and this is the name used in the official court record. In the body of the pleadings, however, the plaintiff makes a reference to "Carvell" Bright.

Complaint ¶ 6). Bright's diabetes is sensitive to stress, which causes low blood sugar, and ultimately diarrhea. (*Id.*). When Bright experiences diarrhea his rectum becomes extremely sore and relief can only be obtained by sitting in a tub of cold water. (*Id.* ¶ 7).

Bright alleges that he endured undue stress at the jail because of his romantic relationship with Ms. Raquel Banks, who was employed at the jail as a corrections officer. (*Id.* ¶ 5). Ms. Banks and Bright later became engaged. Bright alleges that Warden Washington was likewise enamored with Ms. Banks and so began to harass Bright in numerous ways, escalating his stress. On April 14, 2020, because of Washington's harassment, Bright's diabetes got out of control and he called in sick. (*Id.* ¶ 15). Bright came back to work two days later even though his rectum was "flared up," and he was going back and forth to the bathroom. (*Id.* ¶¶ 19, 22). Bright left early that day, he alleges with permission, but was nonetheless terminated for abandoning his job. (*Id.* ¶ 27). Chief Sid Berthelot is the individual alleged to have terminated Bright's employment. (Complaint ¶ 27, First Supp. & Amended Comp. ¶ 27, Second Supp. & Amended Comp. ¶ 27).

A jury trial is scheduled for November 7, 2022. (Rec. Doc. 28, Scheduling Order).

The Sheriff's motion for partial summary judgment addresses only Bright's claims for retaliatory discharge and substantive due process. Bright conceded in his opposition that he has no claim for substantive due process.[2] (Rec. Doc. 33, Opposition at 3). Therefore, the sole claim being challenged via the motion for partial summary

---

[2] The Court assumes that Bright has likewise abandoned the claim for procedural due process that was alleged in Count 2 of his First Supplemental and Amended Complaint. (Rec. Doc. 9 ¶ 30). The Court reaches this assumption because in Count 2 of the Second Supplemental and Amended Complaint Bright removed the reference in ¶ 30 to procedural due process and instead invoked only substantive due process. (Rec. Doc. 26 ¶ 30).

judgment is the retaliatory discharge claim. The basis of the Sheriff's motion for partial summary judgment insofar as Bright's retaliatory discharge claim is concerned is that he did not exhaust it when he filed an EEOC charge as to the alleged ADA violation.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v.*

*Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Title VII is not mentioned anywhere in Bright's pleadings so Bright's opposition is simple—his retaliation claim is not based on Title VII—which would require exhaustion—and therefore no exhaustion requirement applies. Bright argues that his retaliation claim is based on the fact that he complained about Washington harassing him over his engagement to Ms. Banks, which harassment was violative of his First Amendment right of freedom of association.

In response to this assertion, the Sheriff complains that Bright's pleadings were not clear as to the basis of the retaliation claim and that Bright is attempting to expand his pleadings via an opposition to a motion for summary judgment.

The Court concurs insofar as the Sheriff is suggesting that the pleadings were confusing and essentially non-committal as to the legal basis of the retaliation claim.[3] Even though Title VII was not mentioned in connection with the retaliation claim the Sheriff's confusion was understandable, particularly in light of the fact that he is the sole defendant in this case. Responding to Bright's opposition, which included the clarification as to the basis of the retaliation claim, the Sheriff argues that private complaints to Bright's superior regarding Washington's conduct do not satisfy the

---

[3] The retaliation claim is pleaded simply as follows: "Plaintiff alleges that he was terminated in retaliation for his complaint about Washington to Berthelot." (Rec. Doc. 26, Second Supplemental and Amended Complaint § 32a). The Court can certainly understand why the Sheriff was uncertain as to the legal basis for the retaliation claim. Once Bright clarified in his opposition that the retaliation claim was intended to be a First Amendment claim, the Sheriff did raise a new argument in his Reply memorandum, and Bright has criticized him mightily for that in his "Opposition to Motion for Leave to File Sur-Reply" (Rec. Doc. 36). But this criticism is unfair given that the Sheriff was understandably uncertain as to the basis of the retaliation claim.

"public concern" prong of a § 1983 First Amendment retaliation claim.

Bright's retaliation claim is taking on the nature of a moving target. In response to the Sheriff's argument regarding "public concern," an argument that the Sheriff raised after Bright clarified that the First Amendment claim was grounded on retaliation for complaining about Washington, Bright responded that the "public concern" test is inapplicable in this case because "the gravamen of plaintiff's retaliation claim is that Warden Washington fired him because of his private association with his financé [sic], also a jail employee." (Rec. Doc. 44, Sur-reply). Thus, according to Bright, his First Amendment claim is not a free speech claim, but rather a "private association" claim, which is not subject to the "public concern" test.

First of all, the Court notes that Bright does not refute the Sheriff's contention that Bright's complaints about Washington to a superior do not constitute a matter of "public concern," which is a required element of a free speech retaliation claim.[4] "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement." *Charles v. Grief*, 522 F.3d 508, 514 (5th Cir. 2008) (quoting *Connick v. Myers,* 461 U.S. 138, 147–48 (1983)). Bright has essentially conceded that freedom of expression is not implicated in this case.

To state a First Amendment retaliation claim grounded on freedom of

---

[4] To state a claim for First Amendment retaliatory discharge grounded on free speech, the plaintiff must allege and prove that 1) he suffered an adverse employment action, 2) his speech involved a matter of public concern, 3) his interest in commenting on the matter of public concern outweighed the defendant's interest in promoting efficiency, and 4) his speech was a substantial or motivating factor behind the defendant's actions. *Lightell v. Walker*, 527 F. Supp. 3d 866, 880 (E.D. La. 2021) (citing *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999); *James v. Tex. Collin Cty.*, 535 F.3d 365, 375-76 (5th Cir. 2008)).

association, the plaintiff must allege that (1) he suffered an adverse employment action, (2) his interest in "associating" outweighed the employer's interest in efficiency, and (3) his protected activity was a substantial or motivating factor in the adverse employment action. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (citing *Breaux v. City of Garland,* 205 F.3d 150, 156, 157 n.12 (5th Cir.2000); *Boddie v. City of Columbus,* 989 F.2d 745, 747 (5th Cir. 1993)). There is no public concern requirement with this type of claim.

The Court denies the Sheriff's motion for partial summary judgment on the retaliation claim because the bases upon which the motion was grounded, *i.e.*, failure to exhaust and failure to satisfy the public concern requirement, have been rendered moot by Bright's clarification via his numerous memoranda as to the actual nature of his retaliation claim. The Sheriff is not precluded, however, in filing a subsequent motion for summary judgment to challenge any of the aspects of Bright's now-clarified First Amendment retaliation claim, including whether Bright had a right protected by the First Amendment to an intimate association with a co-worker, and whether the sole defendant in this case is the proper defendant vis à vis a § 1983 claim for violation of Bright's First Amendment rights. After all, Bright's numerous pleadings suggest that it was Washington who harassed Bright for his relationship with Ms. Banks and Chief Berthelot who actually terminated Bright. Of course in his sur-reply, Bright contradicts his pleadings by stating that Washington fired him. (Rec. Doc. 44). But the one individual who is never alleged to have fired Bright or to have even been aware of Bright's association with Ms. Banks is the Sheriff. None of the allegations point to wrongful conduct by the Sheriff or that he had any policy in effect that had anything to do with Bright's termination. Yet the Sheriff is the sole defendant in this case because he

was the employer of everyone involved. Of course one of the bedrock principles of § 1983 is that supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 30)** filed by the defendant, Willy J. Martin, Sheriff of St. James Parish is **DENIED** as explained above.

May 25, 2022

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE